UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV-15-01485 –BRO-KLS                                        Date: October 14, 2015

Title   Phillip Ryan Franke v. S. Peery

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS)  ORDER TO SHOW CAUSE RE: DISMISSAL**

     On July 17, 2015, Phillip Ryan Franke ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his February 2011 conviction for murder (Cal. Penal C. § 187(a)) and robbery (Cal. Penal C. § 211), for which he is serving a sentence of 26 years to life. On July 29, 2015, the Court issued an order requiring Respondent to file and serve a Motion to Dismiss on or before August 28, 2015 ("July 29 Order"). (ECF No. 5.) On August 26, 2015, Respondent filed a First Notice of Motion and Motion to Dismiss the Petition for Writ of Habeas Corpus ("Motion") on the grounds that the petition is barred by the statute of limitations. (ECF No. 9.) The July 29 Order required Petitioner to file his opposition, if any, to the Motion within thirty (30) days of the dates of service of the Motion. (*Id.*)

     The deadline for Petitioner to file an opposition to the Motion is now more than 15 days past. However, to date, Petitioner has not filed any opposition to the Motion or otherwise communicated with the Court regarding this matter.

     A *pro se* litigant "is subject to the same rules of procedure and evidence" as other parties "who are represented by counsel." *United States v. Merrill,* 746 F.2d 458, 465 (9th Cir. 1984). Pursuant to Local Rule 7-12 of the Central District of California, the failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting of the Motion. Further, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV-15-01485 –BRO-KLS                                         Date: October 14, 2015

Title   Phillip Ryan Franke v. S. Peery

rules or a court order." On that basis, the Court could properly recommend dismissal of the action for Petitioner's failure to timely comply with the Court's July 29 Order.

Accordingly, on or before **October 27, 2015,** Petitioner is **ORDERED TO SHOW CAUSE**, why the Court should not recommend that this action be dismissed with prejudice for failure to prosecute. Petitioner may discharge this Order by filing a **declaration signed under penalty of perjury**, explaining in detail why he has failed to comply with the Court's July 29 Order.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.**

**Petitioner is advised that the failure to respond to this order will lead the Court to conclude that Petitioner does not intend to continue this action, and the action will be dismissed on that basis and under Federal Rule of Civil Procedure 41(b) for failure to prosecute the action.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | rh |